1  GARY M. RESTAINO
   United States Attorney
2  District of Arizona
   CHRISTINE A. MELTON
3  Assistant U.S. Attorney
   State Bar No.: 021649
4  United States Courthouse
   405 W. Congress Street, Suite 4800
5  Tucson, Arizona 85701
   Telephone: 520-620-7300
6  Email: christine.melton@usdoj.gov
   Attorneys for Plaintiff

7

8

9

☒ FILED   ☐ LODGED

**Oct 02 2023**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR 23-1213-TUC-JCH (MSA) |
| Plaintiff, | |
| vs. | PLEA AGREEMENT |
| Clifford Valisto, Jr. Joseph | |
| Defendant. | (Fast Track U.S.S.G. § 5K3.1) |

15   The United States of America and the defendant agree to the following disposition

16   of this matter:

17                                   PLEA

18        The defendant agrees to plead guilty to Count Two of the Indictment

19   charging the defendant with a violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii) and 1324(a)(1)

20   (B)(i), Transportation of Illegal Aliens for Profit, a felony. Any remaining counts

21   will be dismissed at the time of sentencing.

22        ELEMENTS OF THE OFFENSE AND SENTENCING FACTOR

23        1. The defendant knew or was in reckless disregard of the fact that certain aliens

24   had come to, entered, or remained in the United States in violation of law.

25        2. The defendant knowingly transported or moved such aliens within the United

26   States by means of transportation or otherwise in order to help such aliens remain in the

27   United States illegally.

28

3.  The defendant committed the offense for the purpose of commercial advantage or private financial gain.

### STIPULATIONS, TERMS AND AGREEMENTS

#### Maximum Penalties

A violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(i) is punishable by a maximum fine of $250,000.00, or a maximum term of imprisonment of ten (10) years, or both, plus a term of supervised release of three years and a special assessment of $100; the special assessment is due and payable at the time the defendant enters the plea of guilty, and must be paid by the time of sentencing unless the defendant is indigent.  If the defendant is indigent, the special assessment will be collected according to Title 18, United States Code, Chapters 227 and 229.

The defendant will pay upon conviction an additional $5,000 special assessment pursuant to 18 U.S.C. § 3014(a), unless the Court determines that the defendant is indigent.

#### Agreements Regarding Sentence

1.  Guideline Calculations: Although the parties understand that the Guidelines are only advisory and just one of the factors the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties stipulate and agree that the below guideline calculations are appropriate for the charge for which the defendant is pleading guilty:

| | | |
|---|---|---|
| Base Offense Level: | 2L1.1(a)(3) | 12 |
| Number of Aliens: | 2L1.1(b)(2) | +3 |
| Prior Immigration Conviction: | 2L1.1(b)(3) | +4 |
| Unaccompanied Minor: | 2L1.1(b)(4) | +4 |
| Substantial Risk of Bodily Harm: | 2L1.1(b)(6) | +2/0* |
| Acceptance of Responsibility: | 3E1.1(a)&(b) | -3 |
| Early Disposition/Government Savings: | 5K3.1/5K2.0 | -2 |
| Total Adjusted Offense Level: | | 20/18* |

*The parties dispute the application of the substantial risk enhancement under U.S.S.G. § 2L1.1(b)(6) and reserve the issue for decision by the sentencing court.  Each party will be free to argue its respective position at sentencing.

-2-

2(A). <u>Sentencing Range (2L1.1(b)(6) Enhancement Applied)</u>:  Should the Court apply the enhancement under U.S.S.G. § 2L1.1(b)(6), pursuant to Fed. R. Crim. P. 11(c)(1)(C), the government and the defendant stipulate and agree that the following are the applicable guideline ranges for the offense, based on the defendant's criminal history category (CHC) at Adjusted Offense Level 20:

CHC I:      a sentencing range of 33-41 months' imprisonment.
CHC II:     a sentencing range of 37-46 months' imprisonment.
CHC III:    a sentencing range of 41-51 months' imprisonment.
CHC IV:     a sentencing range of 51-63 months' imprisonment.
CHC V:      a sentencing range of 63-78 months' imprisonment.
CHC VI:     a sentencing range of 70-87 months' imprisonment.

2(B). <u>Sentencing Range (2L1.1(b)(6) Enhancement Not Applied)</u>: Should the Court not apply the enhancement under U.S.S.G. § 2L1.1(b)(6), pursuant to Fed. R. Crim. P. 11(c)(1)(C), the government and the defendant stipulate and agree that the following are the applicable guideline ranges for the offense, based on the defendant's criminal history category (CHC) at Adjusted Offense Level 18:

CHC I:      a sentencing range of 27-33 months' imprisonment.
CHC II:     a sentencing range of 30-37 months' imprisonment.
CHC III:    a sentencing range of 33-41 months' imprisonment.
CHC IV:     a sentencing range of 41-51 months' imprisonment.
CHC V:      a sentencing range of 51-63 months' imprisonment.
CHC VI:     a sentencing range of 57-71 months' imprisonment.

3.   The defendant may withdraw from the plea agreement if he/she receives a sentence that exceeds the stipulated ranges listed above.

4. If the defendant moves for any adjustments in Chapters Two, Three or Four of the Sentencing Guidelines or any "departures" from the Sentencing Guidelines, the government may withdraw from this agreement.  If the defendant argues for a variance under 18 U.S.C. § 3553(a) in support of a sentence request below the stipulated range in this agreement, the government may oppose the requested variance.  The government, however, will not withdraw from the agreement if the defendant argues for, and the Court grants, a variance below the stipulated range in this agreement.

5. The parties agree that the defendant was an average participant in the offense for the purpose of role analysis under U.S.S.G. §§ 3B1.1 and 3B1.2.

6. If the Court, after reviewing this plea agreement, concludes any provision is inappropriate under Fed. R. Crim. P. 11(c)(5), it may reject the plea agreement, giving the defendant, in accordance with Fed. R. Crim. P. 11(d)(2)(A), an opportunity to withdraw the defendant's guilty plea.

7. The defendant recognizes that pleading guilty may have consequences with respect to his/her immigration status if defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. Removal and other immigration consequences may be the subject of a separate judicial or administrative proceeding, and the defendant has discussed the direct and collateral implications this plea agreement may have with his or her defense attorney. Defendant nevertheless affirms that he/she wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is defendant's automatic removal from the United States.

## Forfeiture

Nothing in this plea agreement shall be construed to protect the defendant from civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Further, this agreement does not preclude the United States from instituting any civil proceedings as may be appropriate now or in the future.

## Plea Addendum

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contained all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal. Accordingly, additional agreements, if any, may not be in the public record.

## Waiver of Defenses and Appeal Rights

Provided the defendant receives a sentence not to exceed 87 months' imprisonment, the defendant waives any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the information or indictment, or to the petition

to revoke, or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant providing the sentence is consistent with this agreement. The sentence is in accordance with this agreement if the sentence imposed is within the stipulated range or below the stipulated range if the Court grants a variance. The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under 18 U.S.C. § 3742 (sentence appeals); (3) any right to appeal the district court's refusal to grant a requested variance; (4) any right to collaterally attack defendant's conviction and sentence under 28 U.S.C. § 2255, or any other collateral attack; and (5) any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c) (except for the right to file a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A) and to appeal the denial of such a motion). The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his/her conviction or sentence in this case.  If the defendant files a notice of appeal or a habeas petition, notwithstanding this agreement, defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

Reinstitution of Prosecution

Nothing in this agreement shall be construed to protect the defendant in any way from prosecution for perjury, false declaration or false statement, or any other offense committed by the defendant after the date of this agreement. In addition, if the defendant commits any criminal offense between the date of this agreement and the date of sentencing, the government will have the right to withdraw from this agreement. Any information, statements, documents and evidence which the defendant provides to the

1   United States pursuant to this agreement may be used against the defendant in all such

2   proceedings.

3        If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any

4   court in a later proceeding, the government will be free to prosecute the defendant for all

5   charges as to which it has knowledge, and any charges that have been dismissed because

6   of this plea agreement will be automatically reinstated.  In such event, the defendant waives

7   any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth

8   Amendment to the Constitution as to the delay occasioned by the later proceedings.

9   Defendant agrees that the stipulated sentencing ranges set forth under "Agreements

10  Regarding Sentence" will not be offered if prosecution is re-instituted.

11  <u>Disclosure of Information to U.S. Probation Office</u>

12       The defendant understands the government's obligation to provide all information

13  in its file regarding defendant to the United States Probation Office.  The defendant fully

14  understands and agrees to cooperate fully with the United States Probation Office in

15  providing all information requested by the probation officer.

16  <u>Effect on Other Proceedings</u>

17       I further understand that if I violate any of the conditions of my supervised release,

18  my supervised release may be revoked.  Upon such revocation, notwithstanding any other

19  provision of this agreement, I may be required to serve a term of imprisonment or my

20  sentence may otherwise be altered.

21  <u>WAIVER OF DEFENDANT'S RIGHTS</u>

22       I have read each of the provisions of the entire plea agreement with the assistance

23  of counsel and understand its provisions.  I have discussed the case and my constitutional

24  and other rights with my attorney.  I understand that by entering my plea of guilty I will be

25  giving up my right to plead not guilty; to trial by jury; to confront, cross-examine, and

26  compel the attendance of witnesses; to present evidence in my defense; to remain silent

27  and refuse to be a witnesses against myself by asserting my privilege against self-

28  incrimination; all with the assistance of counsel, to be presumed innocent until proven

- 6 -

1  guilty beyond a reasonable doubt, and to appeal. This waiver shall not be construed to bar

2  an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial

3  misconduct."

4    I agree to enter my guilty plea as indicated above on the terms and conditions set

5  forth in this agreement.

6    I have been advised by my attorney of the nature of the charge to which I am entering

7  my guilty plea. I have further been advised by my attorney of the nature and range of the

8  possible sentence.

9    My guilty plea is not the result of force, threats, assurance or promises other than

10  the promises contained in this agreement. I agree to the provisions of this agreement as a

11  voluntary act on my part, rather than at the direction of or because of the recommendation

12  of any other person, and I agree to be bound according to its provisions.

13    I agree that this written plea agreement contains all the terms and conditions of my

14  plea and that promises made by anyone (including my attorney) that are not contained

15  within this written plea agreement are without force and effect and are null and void.

16    I am satisfied that my defense attorney has represented me in a competent manner.

17    I am not now on or under the influence of any drug, medication, liquor, or other

18  intoxicant or depressant, which would impair my ability to fully understand the terms and

19  conditions of this plea agreement.

20         FACTUAL BASIS AND SENTENCING FACTOR

21    I agree that the following facts accurately describe my conduct in connection with

22  the offense to which I am pleading guilty and that if this matter were to proceed to trial the

23  government could prove these facts beyond a reasonable doubt:

24    On or about July 19, 2023, in the District of Arizona, I, Clifford Valisto, was
  driving a 1998 Ford F-150 near Three Points, AZ. I was transporting six (6)

25    illegal aliens in the vehicle, including Alex Perez-Mejia and Edgar Mejia-
  Cuyuch, and a 15-year-old unaccompanied minor, S. R.-R. I knew the

26    individuals were illegal aliens, and I intended to assist them in remaining in
  the United States unlawfully. I was going to be paid for the transportation.

27

28

1
2
3
4

Prior to this event on July 19, 2023, I sustained two convictions for felony immigration and naturalization offenses, each such conviction arising out of a separate prosecution in the District of Arizona, to wit:   Conspiracy to Transport Illegal Aliens for Profit, convicted on January 7, 2019 in CR 18-01843-TUC-DCB (DTF) and Conspiracy to Transport an Illegal Alien, convicted on August 11, 2011 in CR 11-01345-TUC-DCB (DTF)

5
6

I have read this agreement or it has been read to me in Spanish, and I have carefully reviewed every part of it with my attorney.  I understand it, and I voluntarily agree to it.

7
8
9
10

Date: _9·16·23_                          _[signature]_
                                                   Clifford Valisto
                                                   Defendant

11

### DEFENSE ATTORNEY'S APPROVAL

12      I have discussed this case and the plea agreement with my client in detail and have

13   advised the defendant of all matters within the scope of Rule 11, Fed. R. Crim. P., the

14   constitutional and other rights of an accused, the factual basis for and the nature of the

15   offense to which the guilty plea will be entered, possible defenses, and the consequences

16   of the guilty plea, including the defendant's waiver of the right to appeal.  No assurances,

17   promises, or representations have been given to me or to the defendant by the government

18   or by any of its representatives which are not contained in this written agreement.  I concur

19   in the entry of the plea as indicated above and on the terms and conditions set forth in this

20   agreement as in the best interests of my client.  I agree to make a bona fide effort to ensure

21   the guilty plea is entered in accordance with all the requirements of Rule 11, Fed. R. Crim.

22   P.

23      I translated or caused to be translated this agreement from English into Spanish to

24   the defendant on the_____day of_____, 2023.

25
26
27
28

Date: _9/16/23_                          _[signature]_
                                                   Enrique Gonzales, Jr., Esq.
                                                   Attorney for Defendant

- 8 -

## GOVERNMENT'S APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

GARY M. RESTAINO
United States Attorney
District of Arizona

CHRISTINE MELTON
Digitally signed by CHRISTINE MELTON
Date: 2023.08.17 09:29:08 -07'00'

Date: _____

CHRISTINE A. MELTON
Assistant U.S. Attorney

10/2/23